# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANTHONY JOHNSON,**

    Petitioner,

v.                                                                         **Civil Action No. 5:14cv105**
                                                                            **(Judge Stamp)**

**RUSSELL A. PERDUE, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On August 8, 2014, Anthony Johnson ("petitioner"), an inmate at FCI Gilmer, in Glenville, West Virginia, filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241. Pursuant to a Notice of Deficient Pleading issued by the Clerk of Court, on August 18, 2014, petitioner paid the $5.00 filing fee. Petitioner is a challenging the validity of his 18 U.S.C. §§922(g)(1) and 924(e) conviction as a felon in possession of a firearm and its sentence, imposed by the United States District Court for the Middle District of Pennsylvania. This matter is now pending before the undersigned for a Report and Recommendation ("R&R") pursuant to LR PL P 2.

### II. Facts[1]

On December 23, 2008, petitioner entered a conditional guilty plea[2] to Count One of a two-count superseding indictment, Felon in Possession of a Firearm, in violation of 18 U.S.C.

---

[1] Information on petitioner's original criminal case can be located on PACER at 1:08cr18 for the United States District Court for the Middle District of Pennsylvania.

[2] The R&R on the guilty plea "noted that the United States and the defendant did agree to terms not set forth in the written plea agreement, but stated on the record during the guilty plea colloquy on December 23, 2008. It is agreed that the defendant may withdraw his guilty plea if he is successful in appealing from the denial of his motion to suppress evidence." (M.D. Pa. Dkt.# 70 at 1)(1:08cr18).

§§922(g)(1) and 924(e). On April 8, 2009, the Court sentenced petitioner to a 180-month term of imprisonment; a fine of $1,000; a special assessment fee of $100; and a supervised release term of four years.

Petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit on April 24, 2009.[3] On appeal, the sole issue petitioner raised was that the District Court erred by denying his motion to suppress and holding that the traffic stop was lawful and removal of the occupants reasonable, in light of an eyewitness' contemporaneous report that the occupants of the vehicle were involved in a shooting incident minutes before the stop. On January 27, 2010, the Third Circuit summarily affirmed Johnson's conviction and sentence. On May 24, 2010, the United States Supreme Court denied Johnson's petition for a writ of *certiorari.*

On March 2, 2011, petitioner filed a motion to vacate, modify, or correct sentence under 28 U.S.C. §2255, alleging that: 1) defense counsel was ineffective for convincing him to enter a guilty plea and 2) for failing to obtain a report from the government establishing that the revolver in petitioner's possession at the time of his arrest had traveled in interstate commerce; 3) the Court violated his due process rights by failing to grant his motion to suppress evidence seized in connection with his arrest (and his appellate counsel was ineffective on this issue); and the Government violated his due process rights by adopting the case for federal prosecution. After two evidentiary hearings, by Order entered March 29, 2012, petitioner's §2255 motion was denied. Petitioner timely appealed to the Third Circuit Court of Appeals.[4] By Order entered November 1, 2012, petitioner's request for a certificate of appealability was denied. Johnson then

---

[3] 3rd Cir. Case No. 09-2445.

[4] 3rd Cir. Case No. 12-2265.

filed a motion for rehearing *en banc,* which was denied on April 25, 2013. He then moved in the United States Supreme Court for a writ of *certiorari*, which was denied on October 7, 2013.

In his pending Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 and its 33-page-typewritten memorandum in support, filed without a motion to exceed the page limits, petitioner seeks to have his conviction vacated, because he has "New Discovered Evidence" not previously available, i.e., a "gateway claim," proving that he is "actually innocent" of possessing the firearm he was convicted of possessing. He argues that the Bureau of Alcohol, Tobacco & Firearms ("ATF") negligently investigated and misrepresented "the collected facts in a deceitful manner for the purpose of establishing probable cause" to indict him, "when in fact, the agency had in its system of records the verified proof that Petitioner was actually innocent of 922(g)(1)."[5] Petitioner contends that the government "did not prove and cannot prove a necessary element of the alleged offense"[6] because

> the firearm bearing serial no. NB58571 moved through interstate commerce "lawfully" at the hands of federally licensed manufacturer [sic] and dealers in the state of Pennsylvania . . . [and] remained in the hands of the federally licensed dealer in Pennsylvania until it was sold on April 23, 1994 to a citizen (Willie Holland) of the state of Pennsylvania for approximately 5 years after the lawful entry of this firearm into the state of Pennsylvania . . . Therefore, on January 7, 2007, when Petitioner a convicted felon was found in mere possession of this firearm . . . [it] was a violation of Pennsylvania law only . . . [because there was no] unlawful nexus to interstate commerce by the hands of federally licensed manufacturer and dealers to reach the state of Pennsylvania, and was thereafter lawfully sold to a citizen of the state of Pennsylvania, Petitioner, possession of this firearm originated in Pennsylvania and ended in Pennsylvania with absolutely nothing to do with interstate commerce.

Dkt.# 1-1 at 8 – 9. (grammatical and punctuation errors in the original).

In support of his requested relief, petitioner alleges that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that he has

---

[5] Dkt.# 1-1 at 4 – 5.

[6] Dkt.# 1-1 at 21.

"'Newly Discovered Evidence.' Never had the opportunity to raise the adverse determination on the 2255 motion and proceedings."[7]

### III. Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

As a *pro se* litigant, petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

### IV. Analysis

A motion filed under §2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to §2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

---

[7] Dkt.# 1 at 9.

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a §2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a §2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §2255. The petitioner bears the burden of demonstrating that the §2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under §2255, there must be more than a procedural barrier to bringing a §2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a §2255 motion is not inadequate or ineffective merely because the claim was previously raised in a §2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[8]

---

[8] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:

Id. at 333-34.

Although petitioner attempts to raise the savings clause,[9] it is clear that he is not entitled to its application. In the instant case, even if petitioner satisfied the first and third elements of Jones, the crime for which petitioner was convicted, a violation of 18 U.S.C. §§922(g)(1) and 924(e), remains a criminal offense. Therefore, because the petitioner clearly attacks the validity of his conviction and its sentence, and fails to establish that he meets the Jones requirements, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy and has improperly filed a §2241 petition.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this report and recommendation, **or by September 7, 2015**, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the United

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255; see Jones, 226 F.3d at 330.

[9] Petitioner's "newly discovered evidence" is neither newly discovered nor evidence. Further, he has already raised his claim that the government failed to prove that the firearm, a Taurus .38 special revolver, Serial No. NB58571, never traveled in interstate commerce in his §2255 motion, albeit couched there as a claim of ineffective assistance of counsel. The Middle District of Pennsylvania rejected the claim, noting that "[a]s the Government points out, all Taurus firearms are manufactured in Brazil and, thus, necessarily travel in interstate commerce. . . . The Government . . . was prepared to provide the testimony of Special Agent Scott Endy of the Bureau of Alcohol, Tobacco, Firearms and Explosives, who would have testified that all Taurus firearms are manufactured in Brazil. . . Because the Government would have proven that the revolver in Petitioner's possession at the time of his arrest traveled in interstate commerce, the Court finds that [counsel] . . . was not ineffective for failing to obtain a report from the Government on this issue." See Memorandum Order denying petitioner's §2255 motion, (M.D. Pa. Dkt.# 126 at 7)(1:08cr18).

6

States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations**. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 24, 2015

/s/   James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE