IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY JOHNSON,

    Petitioner,

v.                                       Civil Action No. 5:14CV105
                                                      (STAMP)

RUSSELL A. PURDUE,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] petitioner, a federal inmate, filed a petition for habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). In that petition, he challenges the validity of his sentence and conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In 2008, the petitioner entered into a guilty plea for the above-listed offense. The United States District Court for the Middle District of Pennsylvania accepted the petitioner's plea and sentenced him in 2009 to the following: a 180-month term of imprisonment, a fine of $1,000.00, a special assessment fee of $100.00, and a four-year term of supervised release. The petitioner appealed his sentence, claiming that the district court erred in denying his motion to suppress. The United

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

States Court of Appeals for the Third Circuit affirmed his sentence.  Further, the Supreme Court of the United States denied his petition for a writ of certiorari.

The petitioner later filed a motion to vacate, modify, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255").  In that motion, he claimed he received ineffective assistance of counsel, that the government set forth an insufficient factual basis for his plea, and that the district court and government violated his due process rights.  The district court denied his motion, and the Third Circuit denied his request for a certificate of appealability.  Further, the Supreme Court of the United States denied his petition for a writ of certiorari.

In the § 2241 petition at issue, the petitioner argues that his conviction should be vacated because he allegedly discovered new evidence.  Further, he believes that the government contains proof in its records that the petitioner is innocent.  Based on allegedly new evidence, the petitioner argues that a § 2255 motion is inadequate or ineffective to test the legality of his detention.

United States Magistrate Judge James E. Seibert entered a report and recommendation.  ECF No. 10.  In that report and recommendation, he recommends that the petitioner's § 2241 petition be denied with prejudice.  In particular, the magistrate judge points out that the savings clause does not apply because the crime for which the petitioner was convicted remains a criminal offense.

Therefore, the magistrate judge recommends that this Court deny with prejudice the petitioner's § 2241 petition. The petitioner did not file any objections to the report and recommendation.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in <u>United States v. United States Gypsum Co.</u>, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

A federal prisoner may seek relief under § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause"); <u>see</u> <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). However, under the savings clause, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a

§ 2255 motion." In re Vial, 115 F.3d at 1194 n.5 (internal citations omitted). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

This Court finds that the petitioner fails to establish the elements required by Jones. Specifically, 18 U.S.C. §§ 922(g)(1) and 924(e), the substantive laws under which the petitioner was convicted, have not changed since the date of the petitioner's conviction such that the petitioner's conduct would no longer be deemed criminal. The crime petitioner was convicted of still remains criminal. Therefore, the petitioner cannot satisfy the second prong of the Jones test and his § 2241 petition must be denied insomuch as it challenges his conviction. Moreover, as the magistrate judge points out, the "new" evidence the petitioner claims exists is "neither newly discovered nor evidence." ECF No. 10 *6 n.9. This Court finds no clear error in the magistrate judge's findings. Because he fails to demonstrate that § 2255 is an inadequate or ineffective remedy, the petitioner's § 2241 application must be denied.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 10) is AFFIRMED AND ADOPTED. Accordingly ,the petitioner's petition is DENIED WITH PREJUDICE. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 14, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE